Michael S. Devereux (SBN 225240)
WEX LAW
PROFESSIONAL LAW CORPORATION
1000 WILSHIRE BOULEVARD, SUITE 2150
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 986-9844
FACSIMILE: (213) 342-6190

Attorneys for PLAINTIFF, ANDRES RAMIREZ

THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES RAMIREZ, as an individual,<br><br>PLAINTIFF,<br>v.<br><br>CITY OF LOS ANGELES, a municipal corporation, LOS ANGELES POLICE DEPARTMENT, a public entity, CHIEF CHARLIE BECK, in his official capacity, OFFICER HECTOR CORTEZ, individually and in his official capacity as an Police Officer, OFFICER AARSHIVIR SHALDJIAN, as an individual and in his official capacity as an Police Officer, OFFICER DANIEL HUGHES individually and in his official capacity as an Police Officer, ALLEN SARKISYAN, as an indidivual, LEVON ARUSHANYAN, as an individual, and DOES 1-50.<br><br>Defendant. | CASE NO.: CV-17-08580<br><br>COMPLAINT FOR:<br><br>1) EXCESSIVE FORCE (42 U.S.C. § 1983)<br>2) UNREASONABLE SEARCH AND SEIZURE – FALSE ARREST (42 U.S.C. § 1983)<br>3) MUNICIPAL AND SUPERVISORIAL LIABILITY (42 U.S.C. § 1983)<br>4) ASSAULT & BATTERY<br>5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>6) VIOLATION OF BANE ACT<br><br>**DEMAND FOR JURY TRIAL** |

**CASE NO.:**                                    **1**                                **COMPLAINT**

PLAINTIFF ANDRES RAMIREZ ("Mr. Ramirez"), through his undersigned counsel, hereby files this Complaint against Defendants CITY OF LOS ANGELES ("LA"), LOS ANGELES POLICE DEPARTMENT ("LAPD"), CHIEF CHARLIE BECK ("Beck"), OFFICER HECTOR CORTEZ ("Cortez"), OFFICER AARSHIVIR SHALDJIAN ("Shaldjian"), OFFICER DANIEL HUGHES ("Hughes"), LEVEN ARUSHANYAN ("Arush"), ALLEN SARKISYAN ("Sark") and DOES 1-50, inclusive (collectively "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3-4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §§ 1983, 1985 & 1988, the Fourth & Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over state law claims pursuant to 28 USC § 1367 because those claims are so related to PLAINTIFF'S federal claims that the claims form part of the same case and/or controversy pursuant to Article III of the United States Constitution.

2. Venue is properly founded in this judicial district pursuant to 28 USC §§ 1391(b) and (c) in that a substantial part of the events giving rise to the claims in this action occurred within this District and Defendants are subject to personal jurisdiction in this district.

## PARTIES

**WEX LAW**

| CASE NO.: | 2 | COMPLAINT |

3. PLAINTIFF ANDRES RAMIREZ, is a citizen of the State of California, and at all relevant times herein was a resident in Los Angeles County in the State of California.

4. Defendant LA is and at all times relevant a municipal corporation located in the County of Los Angeles and existing under the laws of the State of California.

5. Defendant LAPD is and at all times relevant was a department providing local law enforcement for LA. All employees of the LAPD are employees of LA.

6. On information and belief, Defendants Beck, Cortez, Hughes & Shaldjian are at all times relevant, employed by the LAPD.

7. At all times relevant Defendants Beck, Cortez, Hughes & Shaldjian were duly authorized officers and/or employees or agents of LA, who were acting under color of law within the course andscope of their respective duties as police officers and with the complete authority and ratification of their principle, Defendant LA.

8. At all times relevant Defendants Beck, Cortez, Hughes & Shaldjian were duly appointed officers and/or employees or agents of LA, subject to oversight and supervision by LA's elected and non-elected officials.

**CASE NO.:**                  **3**                  **COMPLAINT**

9. Defendants LA, LAPD, Beck, Cortez, Hughes & Shaldjian and every defendant in his/her official capacity knowingly or with deliberate indifference to the rights allegedly violated cause to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct an official policy, practice, procedure or custom of permitting the occurrence of the categories of wrongs set forth in this pleading.

10. Defendants LA, LAPD, Beck, Cortez, Hughes & Shaldjian and every defendant in his/her official capacity knowingly or with deliberate indifference to the rights allegedly violated improperly, inadequately with deliberate indifference and reckless disregard to the Constitution or federal rights of persons, grossly negligenty failed to properly train, to supervise, to retrain, if necessary, to monitored or to take corrective action with response to the types of wrongful conduct alleged in this pleading so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiff.

11. On information and belief at all times relevant, Defendants Cortez, Hughes, Shaldjian, Arush and Sark, along with DOES 1-50 were residents of the County of Los Angeles and are sued in their individual capacity.

## FACTS COMMON TO ALL CAUSES OF ACTION

**CASE NO.:**                   **4**                  **COMPLAINT**

12. Each and every allegation set forth in each and every averment and allegation of this pleading hereby is incorporated by this reference in each and every averment and allegation of this pleading.

13. Criminal proceedings regarding this incident are pending against Mr. Ramirez in *People v. Ramirez*, Case No. BA451237, Superior Court of the State of California, for the County of Los Angeles.

14. On or about October 23, 2016, at 12:45 a.m. Defendant Officer Shaldjian, and his friends, co-Defendants Arush & Sark were on the northeast corner of Sunset Boulevard and Sutherland near the entrance of a local tavern called The Short Stop. I am informed and believe that it was Officer Shaldjian was off-duty at the time.

15. I am informed and believe that Officer Shaldjian was wearing a women's blonde wig with two pig tails at the time.

16. I am informed and believe that Officer Shaldjian was near the corner of Sutherland and Sunset speaking on his cell phone while holding an open container. After Officer Shaldjian stopped speaking on his cell phone he started to look for a spot to urinate on the street.

17. I am informed and believe that Officer Shaldjian headed northeast on Sutherland toward the residential area. Co-defendants Arush & Sark followed Officer Shaldjian with one of the other men drinking from an open bottle on Sutherland Street.

18. I am informed and believe that Officer Shaldjian found a spot past a telephone pole on Sutherland, unzipped his pants and proceeded to urinate on the street for approximately 20-30 seconds.

19. I am informed and believe that one of the co-defendants Arush or Sark unzipped their pants and also proceeded to urinate on the street.

| CASE NO.: | 5 | COMPLAINT |
|---|---|---|

20. I am informed and believe that after about 20 seconds of urinating on the street, two men from the community slowly approached Officer Shaldjian and his co-defendants Arush and Sark.

21. I am informed and believe that within 10 seconds a container similar to Officer Shaldjian's container was thrown. Officer Shaldjians and co-defendants immediately resorted to assaulting and battering the two members of the community.

22. I am informed and believe that Officer Shaldjian provided an inaccurate and misleading account of events to the LAPD in which he reported to the LAPD that he heard a bottle break and was immediately attacked whereas it was a cup, possibly Officer Shaldjian's cup and the attack was initiated by Officer Shaldjian and his friends who outnumbered the members of the community at the start. In addition, Officer Shaldjian provided other dubious accounts of the event stating that: 1) "he turned to run and heard a pop"; 2) that were approximately 20 males (there were two initially which grew to six toward the end of the fight); and 3) that his colleagues needed to urinate with no mention of Officer Shaldjian urinating.

23. I am informed and believe that within 10 seconds Plaintiff and another individual came to the aid of the two community members, who were outnumbered.

24. The Plaintiff tried to defend the community members but was immediately kicked in the gut by Officer Shaldjian. The Plaintiff slipped and fell and discovered a gun lying at his feet.

25. The Plaintiff picked up the gun and placed it in his pants pocket and proceeded to return to the melee. He joined the middle of the fracas when he was chased out by Officer Shaldjian. Officer Shaldjian attempted to kick the Plaintiff again but slipped and fall. At no time did the Plaintiff have the gun in his hand.

| CASE NO.: | 6 | COMPLAINT |

26. A black and white squad car showed up and shined a spotlight on the melee. Driving the squad car was Defendant Officer Hughes. In the passesnger side was Defendant Officer Cortez.

27. At this point the fracas stopped and the community members returned to where they came from. The Plaintiff removed the gun from his right pants pocket and held it down toward the ground. At no time was the Plaintiff ever a threat with the gun.

28. At this point Officer Shaldjian was giving orders for one of his co-defendants to retrieve something out of a bush. The co-defendant looked for the item.

29. Officer Cortez immediately exited the squad car with his gun drawn. Officer Hughes soon exited.

30. Plaintiff heard Officer Cortez shooting at him and immediately fled with another individual northwest on Sunset toward Portia Street.

31. Plaintiff ran toward the gas station on the southeast corner of Sunset & Portia. Officer Cortez was giving chase and clearly on the heels on the Plaintiff and the other individual.

32. At the gas station, in clear view, Plaintiff dropped the gun into a planter. I am informed and believe that Officer Cortez saw this and was chasing the other individual, but that individual turned and escaped down sunset.

33. Once the other individual escaped, Officer Cortez cornered Plaintiff at the gas station. Plaintiff held up his arms to show that he wasn't armed and continued to run. Officer Cortez shot the Plaintiff in the back while running away. Officer Cortez continued shooting at the Plaintiff while he was unarmed and running away . Eventually, Officer Cortez hit the Plaintiff one more time in the back.

| CASE NO.: | 7 | COMPLAINT |
|---|---|---|

# FIRST CAUSE OF ACTION

## Unreasonable Search and Seizure – Excessive Force

### (By Plaintiff Against Cortez)

34. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 33, inclusive.

35. Cortez unreasonable use of force, including shooting of Plaintiff in back at close range, deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him pursuant to the 4th Amendment and applied to state actors by the 14th Amendment.

36. As a result Mr. Ramirez suffered extreme pain and suffering, incurred medical expenses and suffered a loss of earning capacity Mr. Ramirez incurred additional damages in the form of physical, psychological and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, depression, Post Traumatic Stress Disorder, all of which are continuing and damage to reputation. Plaintiff's actual damages will be ascertained at trial.

37. The conduct of Cortez was willful, wanton, malicious and done with reckless disregard for Mr. Ramirez' rights and safety and therefore warrants the imposition of exemplary and punitive damages.

38. Plaintiff Mr. Ramirez also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## SECOND CAUSE OF ACTION

**Unreasonable Search and Seizure – False Arrest (42 USC § 1983)**

**(By Plaintiff Against Cortez, Shaldjian & Hughes)**

39. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 38, inclusive.

40. Defendants Cortez, Shaldjian and Hughes caused Mr. Ramirez to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him pursuant to the 4th Amendment and applied to state actors by the 14th Amendment.

41. As a result of the conduct of Cortez, Shaldjian and Hughes, they are liable for Mr. Ramirez' injuries, either because they were integral participants in the wrongful detention and arrrest or because they failed to intervene to prevent these violations.

42. The conduct of Cortez, Shaldjian & Hughes was willful, wanton, malicious and done with reckless disregard for Mr. Ramirez' rights and safety and therefore warrants the imposition of exemplary and punitive damages.

43. Plaintiff Mr. Ramirez also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

| CASE NO.: | 9 | COMPLAINT |

# THIRD CAUSE OF ACTION

## Municipal and Supervisory Liability (42 U.S.C. § 1983)

### (By Plaintiff Against LA, LAPD, Beck and Does 1-50)

44. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 44, inclusive.

45. On and for some time prior to October 23, 2016 (and continuing to the present date) Defendants LA, LAPD, Beck and Does 1 to 50, deprived Mr. Ramirez of the rights and liberties secured to them by the 4th and 14th Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives acting with gross negligence and with reckless and deliberate indifference to the safety, rights, and liberties of the public in general and of Mr. Ramirez, and of persons in his class, situation and comparable position, in particular, knowingly maintained, enforced and applied an official recognized custom, policy and practice of:

> (a) employing and retaining as police officers and other personnel, including Cortez, Shaldjian & Hughes who Defendants LA, LAPD, Beck and Does 1-50 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow writed LAPD policies;

(b) inadequately supervising, training, controlling, assigning and disciplining LAPD police officers and other personnel, including Cortez, Shaldjian & Hughes who Defendants LA, LAPD, Beck and Does 1-50 each knew or in the exercise of reasonable care should have known the aforementioned propensities and character traits;

(c) maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling and disciplining the intentional conduct by LAPD police officers and other personnel, including Cortez, Shaldjian & Hughes who are LAPD police officers;

(d) failing to adequately train police officers including Defendants Cortez, Shaldjian & Hughes and failing to institute appropriate policies regarding constitutional procedures and practices for the purchase, assignment and use of deadly weapons;

(e) having and maintaining an unconstitutional policy, customs, procedures of using excessive force and force that shocks the conscience including the use of guns, which is also demonstrated by inadequate training regarding thse subjects.

46. Defendants LA, LAPD, Beck and Does 1 to 50, together with various other officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated aboe these defendants condonec, tolerated, and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Mr. Ramirez and other individuals similarly situated.

47. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and wrongful acts, Defendants LA, LAPD, Beck and Does 1 to 50, acted with intentional, reckless and callous disregard for the safety and constitutional rights of Mr. Ramirez. Defendants LA, LAPD, Beck and Does 1 to 50, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive and unconscionable to any reasonable person of normal sensibilities.

48. By reason of the aforementioned policies and practices of Defendants LA, LAPD, Beck and Does 1 to 50, Mr. Ramirez incurred damages in the form of lost wages, physical, psychological and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation,

**WEX LAW**

depression, Post Traumatic Stress Disorder, all of which are continuing and damage to reputation. Plaintiff's actual damages will be ascertained at trial.

49 The policies, practices and customs implemented and maintained and still tolerated by Defendants LA, LAPD, Beck and Does 1 to 50, were affirmatively linked to and were significantly influential forces behing the injuries of Mr. Ramirez.

50. Plaintiff Mr. Ramirez also claims attorney fees and costs pursuant to 42 U.S.C. § 1988 under this claim for relief.

## FOURTH CAUSE OF ACTION

### Assault and Battery

### (By Plaintiff Against Shaldjian, Cortez, Arush & Shark)

51. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 50, inclusive.

52. Shaldjian while working as a police officer for the LAPD and acting within the course and scope of his duties, intentionally used force on Mr. Ramirez including but not limited to a kick to the gut. Shaldjian had no legal justification for using force against Mr. Ramirez and his use of force was unreasonable.

53. Cortez while working as a police officer for the LAPD and acting within the course and scope of his duties, intentionally used force on Mr. Ramirez including but not limited to shooting him as close range. Cortez had no legal

justification for using force against Mr. Ramirez and his use of force while carrying out his police duties was unreasonable.

54. LA is vicariously liable for the wrongful acts of Cortez and Shaldjian pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

55. Arush and Sark while working with Shaldjian intentionally used force against Mr. Ramirez including but not limited to striking Mr. Ramirez at close range.

56. Mr. Ramirez suffered harm as a direct and proximate cause of Cortez, Shaldjian, Arush and Sark's conduct as alleged above.

57. The conduct of Cortez, Shaldjian, Arush and Sark was malicious, wanton, oppressive and accomplished with a conscious disregard for Mr. Ramirez' rights, entitling Mr. Ramirez to an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (By Plaintiff Against All Defendants)

58. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 57, inclusive.

| CASE NO.: | 14 | COMPLAINT |

59. Plaintiff is informed and believes and thereon alleges that Defendants' actions described in this Complaint were intentional, extreme and outrageous.

60. Plaintiff is further informed and believes and hereon alleges that such actions were done with intent to cause serious emotional distress and were done with reckless disregard of the probability of causing Plaintiff serious emotional distress.

61. As a proximate result of the Defendants actions Mr. Ramirez incurred damages in the form of lost wages, physical, psychological and emotional injuries, including, without limitation, pain and suffering, nerve damage, sleep deprivation, humiliation, depression, Post Traumatic Stress Disorder, all of which are continuing and damage to reputation. Plaintiff's actual damages will be ascertained at trial.

62. The conduct of the Defendants was despicable, malicious, wanton, oppressive and accomplished with a conscious disregard for Mr. Ramirez' rights, entitling Mr. Ramirez to an award of exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

**Violation of Bane Act (Cal. Civ. Code § 52.1)**

**(By Plaintiff Against LA, LAPD & Cortez)**

63. Plaintiff hereby re-alleges and incorporates by this reference, as though set forth in full, the allegations in paragraph 1 through 62, inclusive.

**CASE NO.:** 15 **COMPLAINT**

64. Cortez intentionally interfered with Plaintiff's civil rights by threats, intimidation or coercion in that Cortez acted violently against Mr. Ramirez from exercising his right to unreasonable search and seizure by shooting Mr. Ramirez in the back.

65. As a result of Cortez' conduct, Mr. Ramirez was harmed by being shot twice in the back.

66. Cortez' conduct was a substantial factor in causing Mr. Ramirez' harm.

**WHEREFORE**, Plaintiff's prays judgment against defendants as follows:

1. For compensatory damages in an amount to be proven at trial:

2. For treble damages pursuant to the Bane Act;

3. For punitive damages on those claims where it is available pursuant to law in an amount sufficient to punish, deter and make an example of the Defendants;

4. For interest on those claims where it is available under law;

5. For an order awarding PLAINTIFF their reasonable attorney's fees as to Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1988, and Plaintiff's claim under the Bane Act, including litigation costs and expenses;

6. For cost of suit; and

7. For such other and further relief as this Court may deem to be just and proper.

Dated: November 27, 2017

                                                Respectfully Submitted,

                                          /s/ Michael S. Devereux
By: _____
                                        Michael S. Devereux
                                        Attorney for Plaintiff
                                        ANDRES RAMIREZ

WEX LAW

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: November 27, 2017

                                          Respectfully Submitted,

                                      /s/ Michael S. Devereux
                        By: _____
                                  Michael S. Devereux
                                  Attorney for Plaintiff
                                  ANDRES RAMIREZ

**WEX LAW**

| CASE NO.: | 18 | COMPLAINT |