1  Michael S. Devereux  (SBN 225240)
2                WEX LAW
       PROFESSIONAL LAW CORPORATION
3   1000 WILSHIRE BOULEVARD, SUITE 2150
4      LOS ANGELES, CALIFORNIA  90017
         TELEPHONE: (213) 986-9844
5        FACSIMILE:  (213) 342-6190
6
7  Attorneys for PLAINTIFF, ANDRES RAMIREZ

8          THE UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  ANDRES RAMIREZ, as an individual, | CASE NO.: CV-17-08580-JAK (SHSx) |
| 11 | |
| PLAINTIFF, | **Honorable John A. Kronstadt** |
| 12          v. | |
| 13 | **JOINT RULE 26(b) REPORT** |
| CITY OF LOS ANGELES, a municipal | |
| 14  corporation, LOS ANGELES POLICE | **[FRCP RULE 26(b); CD-LR 26-1]** |
| DEPARTMENT, a public entity, CHIEF | |
| 15  CHARLIE BECK, in his official | TRIAL DATE:   None Set |
| 16  capacity, OFFICER HECTOR | |
| CORTEZ, individually and in his official | |
| 17  capacity as an Police Officer, OFFICER | |
| AARSHIVIR SHALDJIAN, as an | |
| 18  individual and in his official capacity as | |
| 19  an Police Officer, OFFICER DANIEL | |
| HUGHES individually and in his official | |
| 20  capacity as an Police Officer, ALLEN | |
| 21  SARKISYAN, as an individual, LEVON | |
| ARUSHANYAN, as an individual, and | |
| 22  DOES 1-50. | |
| 23 | |
| 24          Defendants. | |
| 25 | |

26       Pursuant to Federal Rule of Civil Procedure 26(f), Central District Local

27  Rule 26-1, and this Court's Standing Order the parties to this action, Plaintiff

28

CASE NO.:  CV 17-08580-JAK (SHSX)      1      JOINT RULE 26 REPORT

WEX LAW

1   Andres Ramirez, and Defendants Los Angeles Police Department, Chief Charlie

2   Beck, the City of Los Angeles, Daniel Hughes and Hector Cortez hereby submit

3

4   this Joint Report.

5   **I.     STATEMENT OF THE CASE**

6
        Plaintiff asserts that disgraced Los Angeles Police Officer Shaldjian, along
7

8   with two Armenian civilians went into a Hispanic neighborhood inciting the

9   community by yelling that this was their hood and then proceeded to urinate in the

10
    street in front of the Hispanic community members.  Officer Shaldjian ensured that
11

12   he had police backup before inciting the community with his wrongful conduct by

13   placing a phone call to disgraced gang Officers Hughes and Cortez who were

14
    nearby in a black and white.  After the assurance that Officers Hughes and Cortez
15

16   were nearby then Officer Shaldjian, along with fellow Armenians Sarkisyan and

17   Arushanyan physically attacked the community members until the disgraced

18
    Officers Hughes & Cortez arrived.  Officer Cortez without hesitation exited the
19

20   squad car shooting into the crowd and then proceeded to chasing and cornering the

21   Plaintiff into a nearby gas station whereupon Officer Cortez fired several shots at

22
    the unarmed Plaintiff, with two of the shots striking the Plaintiff in the back.
23

24        Defendants deny plaintiff's claims and contend that they were acting

25   reasonably and lawfully at all relevant times. Defendants and their counsel have

26

27

28   CASE NO.:  CV 17-08580-JAK (SHSX)      **2**      JOINT RULE 26 REPORT

WEX LAW

not yet reviewed documents associated with this matter and, thus, reserve the right to supplement this statement.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

The parties agree that jurisdiction and venue are properly with this court.

## III.   LEGAL ISSUES

Plaintiff's complaint alleges the following causes of action: 1) excessive force under 42 U.S.C. section 1983, 2) unreasonable search and seizure, 3) false arrest, 4) Monell claims, 5) assault and battery, 6) intentional infliction of emotional distress, and 6) a violation of the Bane Act. Defendants assert multiple affirmative defenses including, but not limited to, assumption of the risk, qualified immunity, failure to mitigate damages, and privilege. This case is related to criminal court case number BA451237, entitled *People v. Andres Bonafacio Ramirez*, in which plaintiff has been charged with violations of *Penal Code* sections 245(A)(2) and 29800(A)(1).   All three disgraced Los Angeles Police Officers are awaiting board hearings on this matter.

## IV.   PARTIES AND NON-PARTY WITNESSES

The parties and non-party witnesses currently known to the parties are: Andres Ramirez, CITY OF LOS ANGELES, a municipal corporation, LOS ANGELES POLICE DEPARTMENT, a public entity, CHIEF CHARLIE BECK,

OFFICER HECTOR CORTEZ, OFFICER AARSHIVIR SHALDJIAN, OFFICER

DANIEL HUGHES, ALLEN SARKISYAN, and LEVON ARUSHANYAN.

## V.   DAMAGES

Plaintiff seeks damages as derived by Defendants' wrongful conduct, as well as damages as Plaintiff has sustained as a consequence of Defendants' conduct with the precise amount to be determined at trial.  Plaintiff also seeks statutory damages, including that such amounts be multiplied or otherwise enhanced as authorized by law, punitive damages, pre- and post-judgment interest; and the costs of this action and reasonable attorneys' fees pursuant to 42 USC § 1988, 34 USC § 12361, et al.

## VI.   INSURANCE

There is no relevant insurance coverage as the City of Los Angeles is self-insured.

## VII.  DISCOVERY PLAN

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(1)-(4), the parties submit the following:

**A. Proposed Changes to Rules 26(a)(1) Disclosures**

The Parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a)(1).

**B. Discovery**

1    The parties propose the following with regard to discovery:

2        **1. Scope and Subjects of Discovery**

3

4            a. Plaintiff's Subjects on Which Discovery May Be Needed. Without

5                prejudice to his rights to seek discovery on any relevant issues,

6                Plaintiff contemplates that he will need and seek discovery

7

8                concerning: all evidentiary support from Defendants and any

9                relevant non-party regarding Plaintiff's liability claims.

10

11            b. Defendants' Subjects on Which Discovery will be Needed.

12                Without prejudice to their rights to seek discovery on any relevant

13                issues, Defendants contemplate that they will need and seek

14

15                discovery concerning: the basis of Plaintiff's claims, theories of

16                liability and damages, Defendants' defenses to each, and any and

17                all factual, evidentiary, and legal support.

18

19            c. Agreed Upon Methods of Discovery. The parties agree that the

20                anticipated methods of future discovery will include: (1) written

21                discovery in the form of Interrogatories, Requests for Admissions,

22                and Requests for Production of Documents; (2) written discovery

23                via issuance of subpoenas to third parties; and (3) oral depositions

24

25                of Plaintiff, Defendants' employees, civilian witnesses, "person(s)

26

27

28    CASE NO.: CV 17-08580-JAK (SHSX)       5        JOINT RULE 26 REPORT

WEX LAW

most knowledgeable" under Rule 30(b)(6), and other relevant

witnesses.

**2. Discovery Completion Dates**

a. Supplementations – Supplementations under Fed. R. Civ. Proc.

26(e) are due in a reasonable time after material, relevant facts are

learned, or by court order.

b. Discovery Cut-Off – All fact discovery shall be completed as

proposed in Exhibit A.

**3. Protocol for Electronically-Stored Information**

Disclosure or discovery of electronically stored information should be

handled as follows:

a. All electronic files are to be produced in their native format as kept

in the ordinary course of business, along with any program used to

open those files. Metadata shall not be removed from any file prior

to production.

b. If any electronic file cannot reasonably be produced in its native

format, all documents within that file are to be produced

electronically in optical character recognized (also known as

"OCR"-ed) portable document format (PDF), accompanied by a

WEX LAW

WEX LAW

declaration from counsel explaining the reason the electronic file could not be produced in its native format.

**4. Procedures for Resolving Disputes Regarding Claims of Privilege**

The parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. The parties request that this proposed procedure be adopted within the court's further orders.

**5. Changes in Discovery Limitations**

The parties do not currently request any changes in the discovery limitations set forth in the FRCP.

**VIII. THE MATTER IS NOT COMPLEX**

The parties agree that the matter is not complex such that any portion of Manual for Complex Litigation should be utilized in managing the matter.

**IX. DISPOSITIVE MOTIONS**

Defendants may file a motion for summary judgment or partial summary judgment.

**X. PROPOSED MOTION AND TRIAL SCHEDULE**

**A.** The parties propose that the time for filing non-dispositive motions is as requested in Exhibit A. The parties propose that the time for filing dispositive pre-trial motions is as requested in Exhibit A.

WEX LAW

**B.** Pretrial Disclosures – All pretrial disclosures will be exchanged on or before is as requested in Exhibit A.  Any objections to pretrial disclosures will be governed by Fed. R. Civ. Proc. 26(a)(3)(B).

**C.** The parties propose that the time for a final pre-trial conference date shall be determined as requested in Exhibit A.

**D.** The parties propose that the time for trial shall be determined as requested in Exhibit A.

**E.** Trial counsel for plaintiff is Michael Devereux, Esq. of Wex Law. Trial counsel for the City of Los Angeles, the Los Angeles Police Department and Chief Charlie Beck is Deputy City Attorney Christian Bojorquez, Esq. Trial counsel for Officers Hughes and Cortez is Laura E. Inlow, Esq. of Collinson Law.

## XI. SETTLEMENT AND ADR

Since not all parties have made an appearance there has been no conversation regarding settlement. The parties have not ruled out a potential settlement. Should any potential settlement efforts be unsuccessful, the parties elect to appear before a neutral selected from the Court's mediation panel. The parties propose that a mediation session as requested in Exhibit A.

## XII. TRIAL TIME ESTIMATE

The jury trial is currently expected to last six days.

**WEX LAW**

## XIII. ADDITIONAL PARTIES

The parties do not anticipate any additional parties being added to the case. The parties propose that the deadline for amending the complaint to identify DOE defendants is as requested in Exhibit A.

## XIV. PROPOSED EXPERT DISCOVERY SCHEDULE

Deadlines for disclosure of the identities of expert witnesses that each party may use at trial to present evidence, and any written report from an expert witness required under Fed. R. Civ. Proc. 26(a)(2)(B) will be filed is as requested in Exhibit A. Rebuttal expert reports will be filed by is as requested in Exhibit A.

Dated:  March 13, 2018   WEX LAW, Professional Law Corporation

/s/ Michael S. Devereux

By: _____

Michael S. Devereux
Attorney for Plaintiff
ANDRES RAMIREZ

Dated:  March 13, 2018   MICHAEL N. FEUER, City Attorney
THOMAS H. PETERS, Chief Assistant City Attorney
COREY M. BRENTE, Supervising City Attorney

By: _____

CHRISTIAN R. BOJORQUEZ, Deputy City Attorney
Attorneys for Defendants CITY OF LOS ANGELES, et al.

CASE NO.:  CV 17-08580-JAK (SHSX)      9      JOINT RULE 26 REPORT

WEX LAW

1 | Dated:  March 13, 2018        COLLINSON LAW
2 |                               A Professional Corporation
3 |
4 |                                      /s/ Laura E. Inlow
  |                               By:  _____
5 |                                    Laura E. Inlow, Esq.
6 |                                    Matthew W. McAleer, Esq.
  |                                    Attorneys for Defendants
7 |                                    HECTOR CORTEZ and
  |                                    DANIEL HUGHES
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

**EXHIBIT A - SCHEDULE OF PRETRIAL AND TRIAL DATES FOR CIVIL CASES**

| Case No.: | CV 17-08580-JAK (SHSx) |
| --- | --- |
| Case Name: | Ramirez v. City of Los Angeles, et al |

| Hearings: | | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| --- | --- | --- | --- | --- |
| ____ Jury Trial<br>____ Court Trial<br>*(Tuesday at 9:00 a.m.)*<br><br>Duration Estimate:<br>____ Days<br>____ Weeks | | Jury Trial<br><br>09/30/2019<br><br>6 Days | Jury Trial<br>9/30/19<br><br>6 Days | |
| Final Pretrial Conference ("FPTC") & Status Conference re Disputed Exhibits:<br>*(Monday at 3:00 p.m.: Two weeks before the trial)* | | 9/16/19 | 9/16/19 | |

| Deadlines for Bench Trials Only: | Weeks Before FPTC | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| --- | --- | --- | --- | --- |
| Anticipated Ruling to be Issued by Court | Same date | | | |
| Last Date to File Objections to Direct Testimony Declarations | 2 | | | |
| Last Date to File Direct Testimony Declarations | 3 | | | |

| Proposed Motion Practice for Motions for Summary Judgment & Motions for Class Certification: | Weeks Before FPTC | Plaintiff(s) Request | Defendant(s) Request | Court Order |
| --- | --- | --- | --- | --- |
| Hearing on Motion | 6 | 08/05/2019 | 8/5/19 | |
| Reply to Motion | 8 | 07/22/2019 | 7/22/19 | |
| Response to Motion | 10 | 07/08/2019 | 7/8/19 | |
| Last day to File Motion | 13 | 06/17/2019 | 6/17/19 | |

1

| Deadlines: | Weeks Before FPTC | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|
| Anticipated Ruling on All Motions | 4 | 08/19/2019 | 8/19/19 | |
| Last Date to Hear Motions *(including discovery motions)* | 8 | 07/22/2019 | 7/22/19 | |
| Last Date to File Motions *(including discovery motions)* | 20 | 04/29/2019 | 4/29/19 | |
| Expert Discovery Cut-Off | 20 | 04/29/2019 | 4/29/19 | |
| Expert Disclosure (Rebuttal) | 22 | 04/15/2019 | 4/15/19 | |
| Expert Disclosure (Initial) | 24 | 04/01/2019 | 4/1/19 | |
| Non-Expert Discovery Cut-Off | 26 | 03/18/2019 | 3/18/19 | |
| Last Date to Add Parties/Amend Pleadings | | 03/30/2019 | 3/30/19 | |
| **Settlement Procedure Selection:** *(ADR-12 Form will be completed by Court after scheduling conference)* | | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
| 1. Magistrate Judge 2. Attorney Settlement Officer Panel 3. Outside ADR/Non-Judicial (Private) | | 2 | 2 | |
| Last day to conduct settlement conference/mediation | | 05/06/2019 | 5/6/19 | |
| Notice of Settlement / Joint Report re Settlement *(10 days before PMSC)* | | 05/10/2019 | 5/10/19 | |
| Post Mediation Status Conference: *(Monday at 1:30 pm: 14 days after the last day to conduct settlement)* | | 05/20/2019 | 5/20/19 | |